LESLIE H. WHIPP, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 27*—*when order extending time for filing bill of exceptions void.* Where the day upon which judgment in a fourth-class case was entered, an order was filed allowing the defendant sixty days within which to file a bill of exceptions, an order entered pursuant to a stipulation on the last day for the filing of the bill of exceptions granting a further extension is void, as not having been entered within thirty days after the rendition of judgment.

## Herbert L. Lemon, Appellee, v. Arthur H. Lemon et al., Appellants.

### Gen. No. 19,892.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1913. Modified and affirmed. Opinion filed April 26, 1915. Rehearing denied May 10, 1915.

### Statement of the Case.

The appellee in this case, Herbert L. Lemon, brought a bill in equity in the Circuit Court of Cook county against the appellants, Arthur H. Lemon and Ida Matilda Lemon, his wife, and Warren A. Baker and Addie L. Baker, his wife, and made also parties defendant thereto the Monarch Metal Company, a corporation,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and Jennie Lemon, the wife of the complainant. By this bill, upon allegations therein made, the complainant prayed that the court might decree that he, the complainant, was the owner and entitled to thirteen shares of the Monarch Metal Company; that Arthur H. Lemon was the owner of and entitled to five shares in said company; and that Warren A. Baker was the owner of and entitled to seven shares in the capital stock of said company; and that it might order Warren A. Baker as secretary of said company to execute and seal with the corporate seal certificates of stock also executed by the complainant as president of said company in the proportion before mentioned, and deliver the said certificates to the respective owners thereof. He also prayed that Arthur H. Lemon and Warren A. Baker and their wives, and he, the complainant, and his wife, should be required to execute and deliver unto said company a good and sufficient conveyance or deed of Lot 14 in Block 7 in Ashland Second Addition to Chicago.

The corporation filed an answer. The other defendants filed a demurrer, withdrew it and filed an answer in the nature of a demurrer.

The cause was referred to a master in chancery. He found that from evidence of an agreement upon certain terms and from other evidence that it was the intention of the parties that the appellee should have the controlling stock ownership, and that the appellee and appellants interested in the profits of the company should own the shares in certain proportions and share the profits in certain other proportions. The chancellor in the Circuit Court approved his finding.

BAKER & HOLDER, for appellants.

FREDERICK W. WINKLER, for appellee.

Lemon v. Lemon, 192 Ill. App. 361.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 136*—*when equity has jurisdiction to compel issuance of stock.* It is no objection to an action in equity to compel a private corporation to allow on its books a registry of its stock that the complainant has an adequate remedy at law in an action of mandamus to compel the officers of such a corporation to issue certificates of stock.

2. CORPORATIONS, § 136*—*when equity may determine contest between stockholders.* Where a contest is in reality between the stockholders of a corporation as stockholders and the stockholders and corporation are before the court, and specific performance of a contract to distribute stock of a peculiar value in certain proportions is sought, and the title to real estate is involved, it is proper to invoke the aid of equity.

3. EQUITY, § 146*—*when bill not multifarious.* Where all the stock in a corporation was held by three persons, a bill in equity by one of them against the others to determine the proportions in which stock should be distributed among them, and to compel all three stockholders to convey to the corporation certain realty purchased with corporate funds and held by all three jointly, *held* not so multifarious as to require reversal.

4. EQUITY, § 146*—*what is discretion of chancellor as to multifarious bill.* Where a bill in equity is multifarious, the chancellor may give the advantage of a demurrer on this ground to one who has abandoned it and filed an answer in the nature of a demurrer, taking much testimony thereunder on the merits, but it is largely within his discretion.

5. CORPORATIONS, § 136*—*when Appellate Court may make stock certificates refer to decree.* In a suit in equity between stockholders of a corporation for the purpose of having determined their relative interests therein under the terms of a prior agreement under which one of the stockholders was to have a controlling interest therein, but all were to share equally in the profits, a decree providing for the issuance of the stock in certain proportions and the division of profits may be modified on appeal so as to protect the minority stockholders' interest in the profits against innocent purchasers from the majority stockholders by requiring the certificates issued under the decree to refer to such decree and expressly limit the rights of transferees by its provisions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.